1  DAVID P. MASTAGNI, ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204244)
2  WILL M. YAMADA, ESQ. (SBN 226669)
   JAMES R. TRABER, ESQ. (SBN 248439)
3  **MASTAGNI, HOLSTEDT, AMICK,**
   **MILLER, JOHNSEN & UHRHAMMER**
4  *A Professional Corporation*
   1912 "I" Street
5  Sacramento, California 95814
   Telephone: (916) 446-4692
6  Facsimile: (916) 447-4614

7  Attorneys for Plaintiffs

8              IN THE UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10
                                    )      Case No.:
11  JAYMES BUTLER, acting for himself  )
    and others similarly situated,     )      **COMPLAINT FOR VIOLATIONS OF THE**
12                                     )      **FAIR LABOR STANDARDS ACT**
                        Plaintiffs,    )
13                                     )
    v.                                 )
14                                     )
    CITY OF SACRAMENTO, and Does       )
15  1 to 100,                          )
                        Defendant.     )
16                                     )
                                       )
17  _____ )

                          **JURISDICTION**
18
        1.      This action is brought pursuant to the provisions of the Fair Labor Standards Act
19
(hereinafter "FLSA" or "the Act") 29 USC §§ 207, *et seq.*, to recover from Defendant CITY OF
20
SACRAMENTO unpaid overtime compensation, interest thereon, liquidated damages, costs of suit
21
and reasonable attorneys' fees. Jurisdiction is conferred on this Court by 28 USC § 1331 and § 216(b)
22
of the Act. This Court has subject matter jurisdiction of this action pursuant to 29 USC § 207, *et seq.*
23
        2.      Plaintiffs hereinafter-mentioned are or were employed by the CITY OF
24
SACRAMENTO. Plaintiffs each were deprived of their full statutorily required compensation for
25
overtime hours worked as a result of Defendant CITY OF SACRAMENTO using illegal compensation
26
computation methods, which undercount Plaintiffs' "regular rate" of pay, and fail to account for
27
retroactive salary increases in calculating Plaintiffs' "regular rate" of pay. Defendant's method of
28

1 calculating Plaintiffs' "regular rate" of pay reduces the amount of compensation Plaintiffs are receiving

2 for overtime hours worked in violation of the FLSA.

3     3.    Defendant, CITY OF SACRAMENTO (hereinafter "Defendant" or "County"), is a

4 political subdivision of the State of California and at all times herein-mentioned, employed Plaintiffs.

5     4.    Plaintiffs bring this action on behalf of themselves and all other persons similarly

6 situated who work or have worked for the Defendant and were deprived of their complete statutory

7 overtime compensation. Those individuals similarly situated constitute a well-defined community of

8 interest in the questions of law and fact.  The claims of the represented parties are typical of the claims

9 of those similarly situated.  The represented parties will fairly and adequately reflect and represent the

10 interest of those similarly situated.

11 **COLLECTIVE ACTION ALLEGATIONS**

12     5.    This action is brought by Plaintiffs as a collective action, on their own behalf and on

13 behalf of all others similarly situated, under the provisions of 29 U.S.C. § 216, for damages, liquidated

14 damages, three year statute of limitations and relief incident and subordinate thereto including costs and

15 attorneys' fees.

16     6.    The class so represented by Plaintiffs in this action, and of which Plaintiffs are

17 themselves members, consists of current employees and former employees of the Defendant since May

18 3, 2003, whom Defendant failed to fully compensate in the statutorily required amounts for all hours

19 of overtime worked, as a result of Defendant's unlawful computation and compensation methods.

20     7.    The exact number of members of the class, as herein-above identified and described, is

21 not known, but it is estimated that there are not less than 500 members.  The class is so numerous that

22 joinder of individual members herein is impracticable.

23     8.    There are common questions of law and fact in the action that relate to and affect the

24 rights of each member of the class and the relief sought is common to the entire class, namely, whether

25 Defendant has properly computed Plaintiffs' "regular rate" of pay and owes Plaintiffs additional

26 overtime compensation for hours of uncompensated work, performed in excess of Plaintiffs' forty (40)

27 hour workweek or applicable pay period.

28     9.    The claims of Plaintiffs, who are representatives of the class herein, are typical of the

1  claims of the class in that the claims of all members of the class, including Plaintiffs, depend on a

2  showing of the acts and omissions of Defendant giving rise to the right of Plaintiffs to the relief sought

3  herein.  There is no conflict as to any individually named Plaintiff and other members of the class with

4  respect to this action, or with respect to the claims for relief herein set forth.

5          10.     The named Plaintiffs are the representative parties for the class, and are able to, and will

6  fairly and adequately protect the interests of the class.  The attorneys for Plaintiffs are experienced and

7  capable in the field of the FLSA and Labor/Employment litigation and have successfully represented

8  claimants in other litigation of this nature.  Of the attorneys designated as counsel for Plaintiffs, David

9  P. Mastagni, David E. Mastagni, Will M. Yamada, and James R. Traber will actively conduct and be

10  responsible for Plaintiffs' case herein.

11          11.     This action is properly maintained as a collective action in that the prosecution of

12  separate actions by individual members of the class would create a risk of varying adjudications with

13  respect to individual members of the class which would establish incompatible standards of conduct

14  for Defendant herein and would as a practical matter be dispositive of the interests of the other

15  members not parties to the adjudications, or would substantially impair or impede their ability to protect

16  their interests.

17  **FACTUAL ASSERTIONS**

18          12.     Plaintiffs repeat and reallege each allegation above as though set forth fully herein.

19          13.     Plaintiffs and Defendant have entered into a series of agreements to toll any applicable

20  statute of limitations. As a result of these agreements, the statute of limitations is tolled from May 3,

21  2003 through November 20, 2007 ("Tolling Period").  All claims alleged in this action are covered by

22  this tolling agreement.

23          14.     Plaintiffs are or were employed by the Defendant within the tolling period.  Plaintiffs'

24  and Defendant's employment relationship is governed by the terms of applicable memorandums of

25  understanding ("MOU") or collective bargaining agreements ("CBA") relating to Plaintiffs' respective

26  bargaining units.  Said documents delineate the terms and conditions of employment for the Plaintiffs.

27          15.     The MOU between Plaintiffs bargaining unit representative, Sacramento Ares Fire

28  Fighters Union, Local 522 (hereinafter "Local 522") and Defendant include salary scales paying

1   Plaintiffs a base salary for a fixed number of hours per work period.

2          16.      Defendant has a policy and practice of paying Plaintiffs' overtime compensation at a

3                   rate

4   of one and one-half of Plaintiffs' "base hourly rate", and excluding or under counting remunerations

5   such as nondiscretionary bonuses, incentive pays, extra compensations and/or premium pays.

6          17.      Accordingly, Defendant is not properly calculating the "regular rate" of pay upon which

7   Plaintiffs' overtime compensation is based.  29 U.S.C. § 207(e) requires the inclusion in the "regular

8   rate" of pay, all remuneration for employment except seven specified types of payments not applicable

9   to this action.

10         18.      Defendant impermissibly excludes or under calculates nondiscretionary bonuses,

11  incentive pays, pay differentials, longevity pays, extra compensations, premium pays, and retroactive

12  salary increases from its calculation of the "regular rate" of pay, upon which Plaintiff's overtime

13  compensation is based.

14         19.      The City's past and current practice of computing overtime payments has reduced the

15  amount of overtime being paid to the Plaintiffs by failing to compute all statutorily required amounts

16  into Plaintiffs' "regular rate" of pay.  The City's improper exclusion of remunerations in calculating

17  Plaintiffs' "regular rate" of pay has had and continues to cause an impermissible reduction of Plaintiffs'

18  overtime rate of pay.

19         20.      For example, the MOU between the Sacramento Fire Fighters Union, Local 522

20  (hereinafter "Local 522") and Defendant  includes a provision requiring the Defendant to permit

21  Plaintiffs, who are represented by Local 522, to accrue compensation in lieu of holidays.  Plaintiffs

22  receive fourteen (14) holidays per calendar year, the equivalent of 156 hours and 48 minutes.  Holiday

23  hours are credited over twenty-four bi-weekly pay periods.  The one hundred fifty-six (156) hours and

24  forty-eight minutes of holiday hours are credited to each Plaintiff  in bi-weekly accruals of

25  approximately six (6) hours and thirty-two (32) minutes.  After twenty-four (24) holiday hours have

26  accrued, the remaining one hundred thirty-two (132) hours and forty-eight minutes are paid to Plaintiffs

27  in equal bi-weekly payments over the remaining applicable pay periods.

28         21.      Plaintiffs are informed and believe and thereon allege these holiday hour payments are

Complaint for Violations of the FLSA                                              *Butler v. City of Sacramento*

1 reported to California Public Employee' Retirement System as compensation.

2        22.    Defendant's past and current practice has been to completely exclude the payments for

3 holiday compensation from the calculation of the Plaintiffs' "regular rate" of pay for computing

4 overtime payments.

5        23.    Defendant's exclusion of the holiday compensation payments from calculating the

6 Plaintiffs' "regular rate" of pay has reduced the Plaintiffs' "regular rate" of pay resulting in under

7 payment of Plaintiffs' overtime compensation.

8        24.    The MOU between Local 522 and Defendant includes a cafeteria plan under Section 125

9 of the Internal Revenue Code requiring the Defendant to pay Plaintiffs, who are represented by Local

10 522, "cash-back" compensation. The MOU sets forth the amount paid to each Plaintiff based upon their

11 date of hire. For example, employees hired: before April 21, 2001, can receive up to $485 per month,

12 on or after April 21, 2001 up to $300 per month, on or after August 6, 2005, up to $200 per month.

13        25.    Effective on or about January 1, 2003 the cash-back for Plaintiffs hired on or after April

14 21, 2001 was increased from $287 to $300 per month.

15        26.    Effective on or about August 1, 2005, the cash back for Plaintiffs enrolled in a City-

16 sponsored health plan was $460 per month or $300 per month, based upon the employee's date of hire.

17 The cash back for employees waiving health insurance was $435 per month or $300 per month based

18 on date of hire.

19        27.    Effective on or about January 1, 2006, the cash back for Plaintiffs enrolled in a City

20 sponsored  health plan was $440 per month or $300 per month based on date of hire.  The cash back

21 for employees waiving health insurance was $350 per month or $300 per month based upon date of

22 hire.   28.    Effective on or about January 1, 2007, the cash back for Plaintiffs enrolled in a

23 City-sponsored health plan for employee only shall be $420 per month or $300 per month based on date

24 of hire. The cash back for employees waiving health insurance was $275 per month.

25        29.    Defendant's past and current practice has been to completely exclude the IRS section

26 125 cash-back compensation from the calculation of the Plaintiffs' "regular rate" of pay when

27 computing overtime payments.

28        30.    Defendant's exclusion of the IRS section 125 cash-back compensation from calculating

Complaint for Violations of the FLSA                                              *Butler v. City of Sacramento*
                                                -5-                            Eastern District Court of California

1  the Plaintiffs' "regular rate" of pay has reduced the Plaintiffs' "regular rate" of pay resulting in under

2  payment of Plaintiffs' overtime compensation owed.

3       31.     Pursuant to a July 2, 2003, U.S. Department of Labor Opinion Letter, cash back

4  compensation from Defendant's IRS Section 125 cafeteria plan must be included in Plaintiffs' regular

5  rate of pay for purposes of computing overtime owed Plaintiffs.

6       32.     Defendant was and is required to include the cash back compensation received by

7  Plaintiffs when calculating Plaintiffs' "regular rate" of compensation.

8       33.     In or about August of 2005, Defendant and Plaintiffs' union implemented an arbitrated

9  MOU which required Defendant provide Plaintiffs a retroactive salary increase.

10      34.     Pursuant to the terms of this arbitration award, all Plaintiffs were entitled to a retroactive

11  raise of five percent (5%) increase in their salaries for the period between June 26, 2004 through June

12  25, 2005.  This salary increase was paid in a retroactive lump sum in or about late October or early

13  November of 2005.

14      35.     Pursuant to the terms of the arbitration award mentioned above, all Plaintiffs were

15  entitled to an additional retroactive salary increase of five percent (5%) effective June 25, 2005.  The

16  unpaid portion of this salary increase was paid in a retroactive lump sum in or about late October or

17  early November of 2005.

18      36.     Pursuant to the terms of the arbitration award, the salary for Fire Apparatus Operators,

19  Fire Captains, and Fire Investigators I/II were required to be increased by 2% retroactively effective

20  June 25, 2005.  The unpaid portion of this salary increase was paid in a retroactive lump sum in or

21  about late October or early November of 2005.

22      37.     In or about late October or early November of 2005, Defendant provided Plaintiffs with

23  a lump sum retroactive salary increase purportedly applicable to the pay checks dated July 20, 2004

24  through September 13, 2005.  The payments failed to include "FLSA Pay" and overtime compensation.

25      38.     The retroactive lump sum mentioned above provided only for retroactive compensation

26  of Plaintiffs' base salary, and did not include any of the retroactive overtime compensation owed.

27      39.     Between the payment of the retroactive salary increases in 2005 to the present, certain

28  Plaintiffs and Local 522 representatives repeatedly complained to their employers, as defined in section

1   203(d) of the Act, over Defendants' violation of the FLSA in failing to provide overtime owed based

2   upon the calculation of the regular rate and the retroactive salary increase. These complaints and

3   notifications were submitted to the employer, through the Director of Labor Relations Dee Contreras,

4   Assistant-City Manager Gus Vina, Head of Payroll Gary Clark, and Supervising City Attorney Brett

5   Witter.

6        40.   On or about July 23, 2007 Defendant sent Plaintiffs' representatives a letter

7   acknowledging it owed Plaintiffs retroactive overtime based upon the retroactive salary increase.

8        41.   To date, Defendant has refused to provide the full retroactive increase of overtime owed

9   to Plaintiffs pursuant to 29 C.F.R. 778.303.

10       42.   As a result of the foregoing, Defendant has withheld a substantial amount of overtime

11  compensation due Plaintiffs by incorrectly and illegally computing Plaintiffs' "regular rate" of pay, in

12  violation of the 29 U.S.C. § 207.

13       43.   Plaintiffs are informed and believe and therefore allege that Defendant has been

14  repeatedly notified of the FLSA requirements and of its improper and illegal overtime calculation

15  methods.

16       44.   Defendant knew or should have known its method of calculating the "regular rate" and

17  providing overtime compensation violated the FLSA.

18       45.   Plaintiffs are informed and believe and therefore allege the Defendant has refused to

19  abide by requests to cease and desist from violating overtime laws under the FLSA.

20       46.   Plaintiffs are informed and believe, and therefore allege the Defendant knew or should

21  have known the FLSA obligated Defendant to include retroactive salary increases, incentive pays, and

22  cashouts in the "regular rate" of pay.  Defendant knew or should have known it was obligated to use

23  said "regular rate" in the computation of overtime.

24       47.   Defendant's conduct was willful and constituted a conscious or reckless disregard for

25  the law.  Defendant  knew its  method of calculating overtime was and is prohibited by the FLSA.

26  **<u>FIRST CAUSE OF ACTION</u>**

27  **For Failure to Provide Overtime Compensation
to Plaintiffs at one and one-half times their "regular rate" of pay**

28

---

Complaint for Violations of the FLSA

-7-

*Butler v. City of Sacramento*
Eastern District Court of California

1    48.    Plaintiffs incorporate each and every paragraph above, inclusive, as though set forth

2  fully herein.

3    49.    Pursuant to 29 U.S.C. § 207 (a)(2)(c) and (k), an employer cannot employ an employee

4  for more than forty hours in a workweek or, where applicable, one hundred eighty-two (182) hours,

5  twenty-four (24) day work period, unless "such employee receives compensation for his employment

6  in excess of the hours specified above at a rate not less than one and one-half times the regular rate at

7  which he is employed."

8    50.    Pursuant to 29 U.S.C. § 207(e), "the 'regular rate' at which an employee is employed

9  shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but"

10  excludes specifically delineated payments detailed under section (e).  The exclusions are not applicable

11  to this action.

12    51.    The FLSA and the corresponding authorities define the "regular rate" of pay as

13  including,   but not limited to, such remuneration as career and education incentive pay,

14  nondiscretionary bonuses, other incentive pays, pay differentials, longevity pays, extra compensations,

15  in lieu of holiday pay, cash out of IRS Section 125 cash back plans, retroactive salary increases and

16  premium pays.

17    52.    The MOU between the applicable recognized bargaining unit agents and Defendant

18  provide Plaintiffs a nondiscretionary right to additional compensation and pay.  These additional pays

19  and compensation must be included in the calculation of the Plaintiffs' "regular rate" of pay, for

20  purposes of determining overtime compensation.

21    53.    Defendant's past and current practice has been to exclude in lieu of holiday

22  compensation, IRS section 125 cash-back compensation, retroactive salary increases, nondiscretionary

23  bonuses, other incentive pays, pay differentials, longevity pays, extra compensations and premium pays

24  from the calculation of Plaintiffs' "regular rate" of pay.  Defendant's practice is in direct violation of

25  the FLSA.

26    54.    Plaintiffs are informed and believed and therefore allege Defendant was aware of and

27  had been notified it was violating the FLSA.  Defendant had been asked to cease and desist from

28  continuing to engage in said illegal conduct and provide back-payment for the full amount of overtime

Complaint for Violations of the FLSA                                    *Butler v. City of Sacramento*
                                            -8-                          Eastern District Court of California

1  due.  Defendant ignored such admonishments and refused to stop its unlawful conduct.

2      55.      Defendant has withheld significant portions of overtime compensation to which

3  Plaintiffs are entitled and continues to do so.

4      56.      At all times herein mentioned, Plaintiffs are informed and believed and therefore allege

5  that  Defendant and its agents and/or representatives were aware of their obligations to properly

6  compute and apply the correct "regular rate" of pay in calculating Plaintiffs' overtime compensation.

7      57.      Plaintiffs are informed and believed and therefore allege that Defendant and its agents

8  and/or representatives willfully and knowingly violated the FLSA by continuing to improperly exclude

9  certain remunerations from the calculation of the "regular rate" of pay.

10      58.      Defendant ignored Plaintiffs' notification of it violations and demands to include the

11  aforementioned remunerations in Plaintiffs' "regular rate".

12      59.      Defendant's continuing failure to so compensate Plaintiffs was not in good faith and is

13  also a willful violation of the FLSA as it applies to employees of local governments.

14      60.      As a result of the foregoing violations of the FLSA as herein enumerated, Plaintiffs

15  seek damages for lost overtime compensation, as well as liquidated damages.  Plaintiffs seek these

16  damages for the entire time period that Defendant has been engaging in said unlawful conduct including

17  all time covered by the applicable tolling agreement, which covers the time period from May 3, 2003

18  to the present.

19      61.      Plaintiffs also seek reasonable attorneys' fees pursuant to 29 USC Section 216(b).

20
## SECOND CAUSE OF ACTION

21
### For Failure to Provide Retroactive Overtime Compensation

22

23      62.      Plaintiffs incorporate each and every paragraph above, inclusive, as though set forth

24  fully herein.

25

26      63.      At all times relevant hereto, Defendant was subject to and obligated to follow the
         requirements of 29 C.F.R. 778.303, which provides:

27      Where a retroactive pay increase is awarded to employees as a result of
         collective bargaining or otherwise, it operates to increase the regular rate of

28      pay of the employees for the period of its retroactivity.  Thus, if an employee
         is awarded a retroactive increase of 10 cents per hour, he is owed, under the

1   Act, a retroactive increase of 15 cents for each overtime hour he has worked
2   during the period, no matter what the agreement of the parties may be. A
    retroactive pay increase in the form of a lump sum for a particular period
3   must be prorated back over the hours of the period to which it is allocable to
    determine the resultant increases in the regular rate, in precisely the same
4   manner as a lump sum bonus. For a discussion of the method of allocating
    bonuses based on employment in a prior period to the workweeks covered by
5   the bonus payment, see § 778.209.

6   64.     At all times relevant hereto, Defendant was subject to and obligated to follow the

7   requirements of 29 C.F.R. § 778.106 which provides:

8
9   There is no requirement in the Act that overtime compensation be paid
    weekly. The general rule is that overtime compensation earned in a
10  particular workweek must be paid on the regular pay day for the period in
    which such workweek ends. When the correct amount of overtime
11  compensation cannot be determined until some time after the regular pay
    period, however, the requirements of the Act will be satisfied if the employer
12  pays the excess overtime compensation as soon after the regular pay period
    as is practicable. Payment may not be delayed for a period longer than is
13  reasonably necessary for the employer to compute and arrange for payment
    of the amount due and in no event may payment be delayed.

14  65.     To date, Defendant has failed to pay Plaintiffs all of the overtime that they are owed as

15  a result of the retroactive salary increases.

16  66.     Plaintiffs' lump sum payment of retroactive salary increases was required to be prorated

17  retroactively over the hours of the period it is intended to cover. The Defendant was required to

18  determine the resultant increases in Plaintiffs' regular rate of pay. Defendant was then required to

19  provide Plaintiffs retroactive compensation for the increase in the regular rate of pay for the overtime

20  hours worked during this period.

21  67.     Defendant's failure to prorate Plaintiffs retroactive pay increase and apply it to overtime

22  worked during the applicable time period has resulted in the underpayment or nonpayment of overtime

23  compensation owed Plaintiffs.

24  68.     Defendant has been aware of its failure to comply with the FLSA with respect to the

25  payment of Plaintiffs' lump sum, retroactive salary increases, and has failed to provide all of the owed

26  overtime compensation. As such, Defendant failed to provide overtime payments as soon after the

27  regular pay period as is practicable in violation of 29 C.F.R. § 778.106.

28  69.     As a result of Defendant's failure to apply Plaintiffs' retroactive salary increase to hours

Complaint for Violations of the FLSA                              *Butler v. City of Sacramento*
                                          -10-                    Eastern District Court of California

1    of overtime worked, Defendant has failed to pay significant amounts of overtime compensation to

2    which  Plaintiffs are entitled, and continues to do so.

3           70.     At all times herein mentioned, Plaintiffs are informed and believed and therefore allege

4    that Defendant and its agents and/or representatives were aware of their obligations to pay Plaintiffs

5    additional overtime compensation based upon payment of their lump sum, retroactive salary increases.

6           71.     On multiple occasions after November of 2005, certain Plaintiffs and Plaintiffs' union

7    notified Defendant and its representatives of its obligations to provide overtime compensation based

8    on the retroactive salary increases pursuant to the FLSA.  Certain Plaintiffs complained about these

9    FLSA violations to the Director of Labor Relations, Assistant-City Manager Gus Vina, and Head of

10   Payroll Gary Clark.

11          72.     Plaintiffs are informed and believed and therefore allege that Defendant and its agents

12   and/or representatives willfully and knowingly violated the FLSA by continuing to refuse to pay

13   Plaintiffs the corresponding overtime owed based on their lump sum, retroactive salary increase.

14          73.     Defendant's continuing failure to apply Plaintiffs' retroactive salary increase for the

15   hours of overtime Plaintiff worked was not in good faith and is also a willful violation of the FLSA as

16   it applies to employees of local governments.

17          81.     As a result of the foregoing violations of the FLSA as herein enumerated, Plaintiffs

18   seek damages for lost overtime compensation, as well as liquidated damages.

19          82.     The FLSA required Defendant to compensate Plaintiffs for all overtime compensation

20   owed, including retroactive salary increases promptly when due. *See, Biggs v. Wilson*, 1 F.3d 1537 (9th

21   Cir. 1993). The failure of Defendant to promptly provide Plaintiff the retroactive overtime due, entitles

22   Plaintiffs to liquidated damages.

23          83.     Plaintiffs seek these damages for the entire time period that Defendant has been

24   engaging in said unlawful conduct including all time covered by the applicable tolling agreement,

25   which covers the time period from May 3, 2003 to the present.

26          84.     Plaintiffs also seek reasonable attorneys' fees pursuant to 29 USC Section 216(b).

27   

    WHEREFORE, Plaintiffs pray judgment as follows:

28   

       1.     For unpaid compensation and interest thereon, plus an equal amount of liquidated

---

Complaint for Violations of the FLSA                           *Butler v. City of Sacramento*

                 Eastern District Court of California

1    damages, for all Plaintiffs who were required to work excess hours without appropriate

2    compensation pursuant to 29 USC § 216(b).

3    2.    For a determination that Defendant's conduct was not in good faith and an intentional,

4          knowing and willful violation of the FLSA, thus entitling Plaintiffs to liquidated

5          damages;

6    3.    For reasonable attorneys' fees pursuant to 29 USC § 216(b);

7    4.    For costs incurred as a result of this proceeding;

8    5.    For injunctive relief ordering the Defendant to cease and desist from engaging in said

9          unlawful conduct by calculating the "regular rate" computation consistent with the

10         requirements of the FLSA;

11   6.    For prejudgment interest on the overdue overtime wages;

12   7.    For such other and further relief as the court deems just and proper.

13

14   Dated: November 7, 2007              **MASTAGNI, HOLSTEDT, AMICK,**
                                          **MILLER, JOHNSEN & UHRHAMMER**

15

16                                        By:_____/s/David E. Mastagni_____
                                                DAVID E. MASTAGNI,
17                                              Attorney for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

---

Complaint for Violations of the FLSA                        *Butler v. City of Sacramento*
                                     -12-                Eastern District Court of California