### SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between City of Sacramento ("City") and Jaymes Butler, et al. and Martin Gennuso ("Plaintiffs"), with reference to the following facts (the City and Plaintiffs are collectively referred to herein as the "Parties"):

### R E C I T A L S

A.     Whereas, Plaintiffs are presently employed by the City of Sacramento and are, or have been, members of the City's Fire Department; and

B.     Whereas, Plaintiffs filed an action captioned JAYMES BUTLER, TIMOTHY B. ADAMS, JOHN R. AKIN, RICHARD ALAMO, STEVEN E. ALDERMAN, MARK ALLEN, JARROD ALLISON, BRENT ALVARADO, SIMON AMOS, FRANCES ANACLETO, BRUCE W. ANDERSON, JAMES ANDERSEN, MATT ANDERSON, CHRIS ANDREW, ROBERT W.C. ANTHONY II, JERRY APODACA, ROBERT ARBAUGH, CHAD AUGUSTIN, JOHN AUSLUND, BRIAN AYALA, DAVID BALDWIN, AARON M. BARNICK, MICHAEL BARTLEY, CLAYTON E. BASSETT, EDWARD BASURTO, MARC BENTOVOJA, STEPHEN BEGLEY, LARRY BELISLE, JOE A. BERMUDEZ, TODD BERTRAND, DAVID BEVERS, JAMES TILDEN BILLITER, DAVID BIONDI, TRACY BIRMINGHAM, ERIC BLACKMUN, JASON BLOMQUIST, ROBERT BOLDEN, MICHAEL BONHAM, BOWE BOSSERMAN, JERRY BOYD, CRAIG BRASWELL, RANDOLPH C. BROWNING, DOUGLAS J. BRUCE, PAUL BRUST, JONATHAN BURGESS, BRIAN BRUST, BILL CALKINS, STEPHEN CAMPBELL, SCOTT W. CARAVALHO, SHAWN CARTER, ARTURO CASAREZ, GREGORY CAYBUT, AARON CHANDLER, JEFF CHAPMAN, DAVID CHARRON, CHAD CHASE, RONALD J. CHRISTENSEN, JEFF CLARK, JOHN CLARK, PAUL J. CLARK, JASON A. CLARKSON, CHARLES D. CLAYBORNE, JOHN F. CLEMENT, JEFFREY R. COATS, PAUL COGGIOLA, JUSTIN COGSWELL, STANLEY J. COMPOGINIS, BRETT COOK, MARTIN D. CORDEIRO, DAVID CORRIEA, PATRICK COSTAMAGNA, RICHARD J. CRISPI, JR., SEAN DAIL, JOHN P. DANCIART, ROBIN DAVIS, JOHN DAVIS, SANTIAGO DeANDA, TRAVIS DECAMPOS, ROBERT DEMARTIN, DAVID DEMETREE, DUSTIN DEPAOLI, CHRIS DOBB, TROY DOEHRER, DUANE DOGLIETTO, DAVID DOLSON, JIM DOOLITTLE, JAMES E. DOUCETTE, KARL EARLEY, JAMES EDMISTON, CRAIG EMERY, ERIKA ENSLIN, EDWARD ETTINGER, ERIK FALKENSTROM, DEWAYNE FELKINS, MICHAEL A. FERGUSON, MIKE FEYH, JOHN FIERRO, SEAN FILBEN, DAVID FOWLER, SCOTT FRANKLIN, ROBERT FRATUS, MICHAEL FUJII, RICHARD FULFER, SOAMES FUNAKOSHI, GARY GALAMA, MATTHEW GALLAGHER, TRINIDAD GARNICIA, JAMES J. GARVIN, BRANDON GAUB, KEITH GAULT, BRUCE GEE, RAYMOND GEE, STANLEY GHOLSON, MICHAEL GILES, JAMES GLASS, CHARLES GODTFREDSEN, PETER GODTFREDSEN, MATTHEW GONZALES, TOM GOODALL, STEVE GRAHAM, ROBERT GREEN, ERIC GUIDA, BRYAN GUINN, DONALD HADDAD, JOSHUA HALSEY, ROB HAMILTON, BRAD T. HANSEN, CHRISTOPHER HARVEY, JEFFREY S. HELVIN, JASON HEMLER, RYAN HENRY, GREGORY

1

HERNANDEZ, STEVEN HICKEY, PAUL S. HIRONAKA, ROB HODGSON, KEN HOHLOCH, GHAZNAFARI HOOMAN, THOMAS HOPKINS, DAN HOY, RICK HUDSON, JARED HUNT, JOSEPH J. HUNTER, ERIK HVOLLBOLL, WILLIAM IRVINE, JEFFEREY IVY, EARNEST JACKSON, JOSEPH JACKSON, RANDALL JACKSON, FERGUS JOHNSON, ROBERT JOHNSON, SCOTT JOHNSON, STEVEN JONES, DON KELLEY, JILL KERKSIECK, ROBERT D. KIEHNE, RODNEY KING, JED KIRCHER, WARDELL KIRKLAND, JEFFEREY KLEIN, DAVID LARA, JOHN LAUBINGER, DAVID LAUCHNER, ARTHUR LECLAIRE, JARETT J. LEE, ROBERT LEIGHTY, SCOTT LEWIS, RONALD LONG, THOMAS C. LONG, JON D. LUCHINI, BRANDON LYNCH, BRUCE LYTLE, ALEX MACIAS, DENNIS MADDING, DALE MADDOX, DAN MAGAN, THOMAS MALIM, DUANE MARAPOO, ROBERT MARSHALL, TERRENCE P. MASSE, SR., TIM MCADAMS, JAMES MCDANIEL, DUANE MCMULLEN, SCOTT S. MCKINNEY, JASON W. MEYER, STEVEN MINNICH, MARTIN MONTEREY, EDWARD MONTGOMERY, ROBERT A. MOOR, II, ROBERT R. MOORE, GARY MORAN, DON MORELAN, LOUIE MORENO, ERIC MUNSON, GREG MURDOCK, KENNETH MURRAY, ROBERT MYERS, PAOLO NARDI, JENNIFER L. NEEDLER, MIKE NEWTON, LANCE NISHIMURA, TIMOTHY NISHIMURA, THOMAS OAKES, TIMOTHY J. OAKES, SCOTT O'BRIEN, SEAN O'DWYER, DAWN OGDEN, CRAIG M. OLSON, ANTHONY N. OTT, BRENNEN S. OVERSTREET, ROBERTO PADILLA, JR., JAMES PALMER, RICARDO PANAMENO, JR., SHANNON L. PANAMENO, JEFF C. PANDIS, CAREY PARK, DEREK PARKER, KAREN L. PARKER, ERNEST PARTRIDGE, RICHARD PAYAN, SAGE PEART, GEOFF PEASE, NANCY S. PERKINS, PAUL A. PETREE, CHRISTOPHER PFEIFER, GEORGE PICHA, DAVID PIERNER, MICHAEL N. PONCE, GREG POWELL, GREGGORY QUICK, ANTHONY RAMIREZ, FELIX RAMIREZ, MARK O. RAMIREZ, ANDREW RAMOS, MARKUS REAGAN, RYAN REAL, JEFF REMPFER, RICK RETHFORD, TIMOTHY ROBERTSON, ARTURO RODRIGUEZ, THOMAS MILTON ROGERS, JR., MATT ROSALES, KENNETH ROSE, DOUGLAS A. ROSS, DOUGLAS C. ROSS, TODD RUPP, FARR W. RUST, LLOYD RUTHERFORD, XAVIER SALES, DAVID J. SANTIAGO, ERIC SAYLORS, JEFF SCHARMACHER, WILLIAM C. SCHNEIDER II, MATT SCHRIVER, MATTHEW A. SCHROEDER, MARTIN SCOTT, JACK SEARGEANT, JOHN SEGALE, PATRICK SHANNON, DONALD M. SHEEHAN, THOMAS L. SHERLOCK, JEFFREY A. SHILIN, DAVID SMITH, GREGORY M. SMITH, ALVA SMOOT, DARIN SNEDEKER, CHARLIE SPRAGUE, JOHN S. SOKOL, DIANE STEED, PAUL F. STEINKAMP, BRHETT STEPPIG, DAVID S. STONER, DAVID STORCK, LISA A. STUMPF, TAD SUWA, CHRIS SWARBRICK, MATTHEW SWEYD, MARK SWINK, JEFFREY SWITKOWSKI, ROBERT SWONGER, C. MICHAEL TABLADA, SCOTT TALLMAN, E. MARC TANFANI, RODNEY M. TATUSHI, PATRICK D. TAYLOR, ANDREW TENCATE, TAMARA L. THACHER, RICHARD THOMAS, RANDY L. THOMPSON, KEVIN TROST, DANIEL UNDERHILL, MICHAEL J. UPDEGRAFF, ROBERT S. VANDERVORT, RUSSELL VAN VUREN, JEFF VARGAS, RICK VASQUEZ, BRIAN D. VIDOSH, FRANCISCO VILLALPANDO, SCOTT VISSER, KEITH WADE, MICHAEL WALTER, ADAM WATT, ANDREW WATT, ERIK C. WENZ, TODD WEYGANDT, SCOTT WILLIAMS, ERIK WINBLAD, CURTIS WONG, REBECCA WOOTEN, and BART WYATT v. CITY OF SACRAMENTO " in the U. S. District Court for the Eastern District of California, Case No.: 2:07-CV-02 406 WBS-EFB arising out of certain

events that allegedly occurred during their employment as officers with City; and Plaintiff Martin Gennuso filed a coordinated action captioned MARTIN GENNUSO v. CITY OF SACRAMENTO " in the U. S. District Court for the Eastern District of California, Case No.: 2:08-CV-00489-WBS-EFB (collectively referred to as "the Action")

      C.    Whereas, Plaintiffs' Complaints, as filed in the Action, allege violation of the Fair Labor Standards Act (29 U.S.C. § 201, et seq.)("FLSA") and seek recovery of allegedly unpaid overtime hours, liquidated damages, attorneys fees and costs; and

      D.    Whereas, the City filed Answers to the Complaints denying its material allegations and asserting affirmative defenses thereto; and

      E.    Whereas, the Plaintiffs have not plead their Action as a collective action, nor has the Court certified the Action as a collective action; and

      F.    Whereas, the Parties dispute both the applicability of the FLSA to the facts as alleged in the Action as well as the applicable level of compensation; and

      G.    Whereas, the Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in wage and employment matters; and

      H.    Whereas, the Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore, based upon their extensive negotiations, agreed to a settlement which all the Parties believe provides for a fair, reasonable and just resolution of the Parties' dispute; and

      I.    Whereas, the potential recovery at trial, if any, remains unknown, but the Parties believe that the terms of this Agreement are consistent with and within the range of any reasonable result that Plaintiffs might expect to obtain after a trial; and

      J.    Whereas, as a result of their negotiations, the Parties want to settle the Action and resolve and release all disputes and claims arising out of the Action against the City; and

      K.    Whereas, the Parties want to enter into this Agreement as hereinafter set forth:

      **NOW THEREFORE,** in consideration for the mutual promises and undertakings of the Parties as set forth below, Plaintiffs and the City hereby enter into this Agreement and agree as follows:

      1.  <u>Recitals</u>.    The recitals set forth at the beginning of this Agreement are true and correct and are hereby fully incorporated by reference into this Agreement.

2. Settlement Terms.

    (a)    The City will provide a one time payment ("Settlement Amount") to be allocated as set forth below amongst the plaintiffs individually and the law firm of Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer as directed by Plaintiffs.

    (b)    The settlement amount represents the agreed upon amount for all overtime compensation allegedly owed to Plaintiffs and all amounts allegedly owed for liquidated damages, a one-year extension of the statute of limitations, and any and all other damages and/or relief recoverable in the Action, including attorneys' fees and costs. `

    (c)    Back Payment of Overtime Wages. The Settlement Amount shall represent liquidated damages for all Plaintiffs in an amount equal to the amount of retroactive "FLSA overtime" paid to each plaintiff in or about November of 2007. To that end, the City shall pay to plaintiffs the total sum of $20,308.05, broken down between the various plaintiffs as set forth in Exhibit "A" to this Agreement.

           The parties agree that the payments of liquidated damages are not wages, and therefore the parties believe that such amounts are not subject to federal and state tax withholding requirements, although they may be taxable as gross income. Plaintiffs are encouraged to consult with a tax advisor or attorney to independently determine any federal, state or local tax consequences of this settlement as no opinion on any tax matter is expressed herein. Plaintiffs are solely responsible for reporting amounts received as liquidated damages pursuant to this Agreement to any applicable federal, state or local agency as required by law. The City will issue an IRS 1099 form to each of the Plaintiffs in the amount of each of their respective liquidated damage amounts. Plaintiffs agree to hold the City harmless for any tax liability they may suffer as a result of the liquidated damages being subject to taxation.

    (d)    The Law Firm of Mastagni, Holstedt, Amick, Miller, Johnsen & Uhrhammer, tax identification number 94-2678460, ("Law Firm") shall receive a separate check payable to the Law Firm in the amount of $24,246.16 for attorneys fees and costs.

    (e)    Prospective Relief. Pursuant to the current Memorandum of Understanding ("MOU") between the City and the Sacramento Area Firefighters, Local 522 ("Local 522"), Local 522 Members do not take holidays. Rather, they accrue 24 hours of paid leave, and then are paid the equivalent of six (6) hours and thirty-two (32) minutes of

additional time on their paychecks.  Starting on August 9, 2009 and continuing thereafter for as long as such benefits are provided, the City agrees to include in its computation of the FLSA regular rate of pay, remuneration for these "in lieu of holidays" payments.  In addition to all Plaintiffs, this prospective relief shall apply to all members of the Fire Bargaining Unit represented by Sacramento Area Fire Fighters, Local 522.  This calculation of the regular rate of pay shall be applied to overtime hours as defined by the Fair Labor Standards Act and the Memorandum of Understanding between the City and Local 522.   In the event any California State or federal appeals court, or the California or United States Supreme Courts determines that remuneration for compensation in lieu of holidays as set forth in the Memorandum of Understanding between the City and Local 522 need not be included in the regular rate of pay, the parties agree that the City's obligation to continue to include such payments in the regular rate of pay will immediately cease.  The Parties agree and acknowledge that the negotiation of this Agreement constituted the necessary "meet and confer" required pursuant to Government Code Section 3500 *et seq.* and that the Parties shall have no further obligation to meet and confer on this issue except that the Parties agree to meet and confer over the application of any such court ruling to the in lieu of holiday payments provided under the applicable MOU.

(f)     Payment of the Settlement Amount shall occur within twenty (20) days of the Court's approval of this Agreement and order of dismissal in the Action as provided herein.  The payment to the Law Firm shall occur within twenty (20) days of the Court's approval of this Agreement and order of dismissal in the Action as provided herein.

(g)     Plaintiffs expressly agree that the allocation of the Settlement Amount, as provided herein, is fair, just and reasonable and acceptable to them.

3.   <u>Resolution of the Action</u>.  In order to finally and fully resolve this FLSA Action, the Parties shall jointly execute and approve a Stipulation re Approval of Settlement Agreement and Dismissal With Prejudice and Order Thereon substantially in the form of the stipulation and order attached hereto as Exhibit "B" ("Stipulation and Order").  The Parties expressly consent to and authorize their counsel to execute the Stipulation and Order and seek Court approval of the Stipulation and Order on their behalf.  The Parties shall submit the Stipulation and Order to the Court at the earliest opportunity and shall jointly request the Court to accept and approve the Stipulation and Order since it provides for a fair, just and reasonable resolution of the Action.  If requested by the Court, Counsel for each party shall prepare a

declaration attesting to the fairness of this Agreement and any other necessary moving papers for submission to the Court. If for any reason the Court declines to enter and approve the Stipulation and Order, the Parties shall promptly meet and confer in a good faith effort to prepare a form of stipulation and order, or other similar decree, acceptable to the Court and consistent with the terms of this Agreement.

4. <u>Continuing Jurisdiction</u>. The United States District Court for the Eastern District of California shall retain jurisdiction over the Action for purposes of enforcing this Agreement and resolving any other issues that might arise in connection herewith.

5. <u>Attorneys' Fees and Costs</u>. Except as provided herein, the Parties shall each bear their own costs, expenses and attorneys' fees.

6. <u>Right to Appeal</u>. Provided the Court enters the Stipulation and Order substantially in the form attached hereto at Exhibit B, the Parties shall waive all rights to appeal, seek to vacate or set-aside, and collaterally attack such Stipulation and Order.

7. <u>Release of Claims by Plaintiffs</u>. Plaintiffs hereby, on behalf of themselves and their heirs, representatives, executors, agents, attorneys, administrators, successors-in-interest and assigns, irrevocably and unconditionally release and discharge the City, including its officers and employees, from any and all lawsuits, claims, actions, demands or other legal responsibilities of any kind which Plaintiffs have, or may have, against the City, its officers and employees which were asserted in the Action, or which could have been asserted based upon or related to the facts alleged in the Action. Plaintiffs expressly acknowledge that this Release includes any and all other claims that Plaintiffs asserted or could have asserted based upon or related to the facts alleged in the Action, even claims they do not know about. Plaintiffs also acknowledge and agree that this release is an essential and material term of this Agreement and without such release, no settlement would have been reached by the Parties. Plaintiffs shall agree to refrain from filing any other grievance under the MOU for any claim relating to the miscalculation of overtime by failure to include compensation in lieu of holidays in the calculation of the regular rate of pay for any claims occurring up until the date when all plaintiffs have signed the settlement agreement.

8. <u>Release of Unknown Claims</u>.    Plaintiffs, and each of them, hereby waive any and all rights or benefits that any of them may have under Section 1542 of the Civil Code of the State of California, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Plaintiffs, and each of them, respectively, acknowledge that they understand the effect of this waiver pursuant to Civil Code Section 1542, and that they are represented and have been advised of this release by their counsel.

9.  Acknowledgement of Release.  In entering into this Agreement, Plaintiffs knowingly and voluntarily acknowledge, consent and agree to  the "Notice to Employee Under the Fair Labor Standards Act" as contained in the United States Department of Labor's Receipt for Payment of Lost or Denied Wages, Employee Benefits, or Other Compensation (Form WH-58) which provides as follows:  "Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for such back wages under Section 16(b) of that Act.  Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and court costs.  Generally, a 2-year statute of limitations applies to the recovery of back wages.  Do not sign this receipt unless you have actually received payment of the back wages due."

10.  Knowledge of Parties.  Plaintiffs and City, respectively, understand and agree to the settlement, this Agreement and the terms and conditions contained herein, and enter into this Agreement knowingly and voluntarily.  Plaintiffs have been advised that they have the right to seek legal advice with respect to this Agreement, including the release, have had the opportunity to consult with counsel, and have in fact consulted with counsel of their choice.  The Parties have investigated the facts pertaining to the settlement and the Agreement and all matters pertaining thereto as deemed necessary.  The Parties have relied upon their judgment, belief, knowledge, understanding and expertise after consultation with their counsel concerning the legal effect of the settlement and its terms.  By signing this document and the documents referred to herein, the Parties signify their full understanding, agreement, and acceptance of the Agreement.

11.  Entire Agreement.  This Agreement contains the entire agreement of the Parties regarding the subject matter of this agreement and shall constitute the final understanding between the Parties hereto.  All prior negotiations made or which have occurred prior to the date of this Agreement are merged into this Agreement.

12.  No Additional Representations.  Except for the terms of this Agreement, Plaintiffs and the City, respectively, have not relied upon any statement or representation, written or oral, made by any Party, or any of their respective agents, attorneys or any other person, regarding any matter including, but not limited to, the federal or state income tax consequences of the Agreement to any Party.  The Parties expressly acknowledge and agree that they have relied solely upon the advice of their own attorneys and/or accountants as to the tax and benefit consequences of the Agreement.

13.  Warranty of Non-Assignment.   The Parties warrant that they have not assigned any of the claims that are the subject of this Agreement.

14.  Binding Agreement.  The Agreement and all documents referred to herein, shall bind and inure to the benefit of and each of the Parties hereto and their heirs, estates,

administrators, representatives, executors, successors and assigns. Except as expressly provided herein, this Agreement is not for the benefit of any person not a Party hereto or specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby. The Agreement is not intended to constitute a third party beneficiary contract.

15. <u>Authority to Execute</u>. Each Party hereto warrants to the other Party or Parties that he, she or it has the full power and authority to execute, deliver and perform under this Agreement and all documents referred to herein, and that any needed consent or approval from any other person has been obtained.

16. <u>Disclosure of Terms</u>. The Parties understand and consent that the City may be required to disclose the terms of this Agreement pursuant to the requirements of the Ralph M. Brown Act, Government Code section 54950 *et seq.*, and the provisions of any other law or regulation requiring disclosure of information by public entities.

17. <u>Duty to Act in Good Faith</u>. The Parties shall act in good faith and use their reasonable good faith efforts after the execution of this Agreement to ensure that their respective obligations hereunder are fully and punctually performed. The Parties shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement. Time is of the essence in this Agreement.

18. <u>Interpretation and Construction</u>. Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein, or have had equal opportunity to do so. The headings used herein are for reference only and shall not affect the construction of this Agreement.

19. <u>Future Actions</u>. In any action or proceeding between or among any Parties hereto at law or in equity with respect to, or arising out of the settlement or this Agreement, whether in tort, breach of contract or other claim, the unsuccessful party shall pay to the prevailing party all reasonable costs, expenses, and attorney fees of the litigation and/or any alternative dispute resolution.

20. <u>Governing Law and Venue</u>. The settlement, this Agreement, and the documents referred to herein, shall be interpreted in accordance with the laws of the State of California, and if necessary Federal Law. To the extent that any Party brings an action to enforce the terms of this Agreement, such action shall be filed and prosecuted in the Sacramento County Superior Court and/or the United States District Court for the Eastern District of California, to the extent of that court's jurisdiction.

21. <u>Severability</u>. In the event that any provision of this Agreement should be held to be void, voidable or unenforceable, the remaining portions hereof shall remain in full force and effect.

22. <u>Breach, Waiver and Amendment</u>. No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. The Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives.

23. <u>Exhibits</u>. All exhibits and schedules attached to this Agreement are hereby incorporated into this Agreement as though fully set forth herein.

24. <u>Execution</u>. This Agreement, and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

25. <u>Effective Date</u>. This AGREEMENT shall become effective immediately following execution by all of the PARTIES, on the latest date appearing below.

**PLEASE READ CAREFULLY: This Settlement Agreement and General Release of Claims includes a release of known and unknown claims related to this Action.**

**IN WITNESS WHEREOF,** the Parties hereto have executed this Settlement Agreement and General Release.

Dated: _____     By: _____
                                  RAY KERRIDGE, City Manager for
                                  Defendant City of Sacramento

Dated: 8/31/09              By: _____
                                  JED KIRCHER, Municipal Vice-President for
                                  Sacramento Area Fire Fighters, Local 522

**APPROVED AS TO FORM AND CONTENT:**

Dated: 6/3/09              By: _____
                                  Brett M. Witter, Attorney for
                                  Defendant City of Sacramento

Dated: 6.2.09              By: _____
                                  David E. Mastagni, Attorney for Plaintiffs

SIGNATURES OF INDIVIDUAL PLAINTIFFS ARE CONTAINED ON SEPARATE SIGNATURE PAGES ATTACHED AND INCLUDED HEREIN BY THIS REFERENCE.

22.  Breach, Waiver and Amendment.  No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach.  Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement.  The Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives.

23.  Exhibits.  All exhibits and schedules attached to this Agreement are hereby incorporated into this Agreement as though fully set forth herein.

24.  Execution.  This Agreement, and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

25.  Effective Date.  This AGREEMENT shall become effective immediately following execution by all of the PARTIES, on the latest date appearing below.

**PLEASE READ CAREFULLY:  This Settlement Agreement and General Release of Claims includes a release of known and unknown claims related to this Action.**

**IN WITNESS WHEREOF,** the Parties hereto have executed this Settlement Agreement and General Release.

Dated: _8-31-09_                 By: _____
                                      RAY KERRIDGE, City Manager for
                                      Defendant City of Sacramento

Dated: _____             By: _____
                                      JED KIRCHER, Municipal Vice-President for
                                      Sacramento Area Fire Fighters, Local 522

**APPROVED AS TO FORM AND CONTENT:**

Dated: _6/3/09_                   By: _____
                                      Brett M. Witter, Attorney for
                                      Defendant City of Sacramento

Dated: _6.2.09_                   By: _____
                                      David E. Mastagni, Attorney for Plaintiffs

SIGNATURES OF INDIVIDUAL PLAINTIFFS ARE CONTAINED ON SEPARATE
SIGNATURE PAGES ATTACHED AND INCLUDED HEREIN BY THIS REFERENCE.

9

**SETTLEMENT AGREEMENT AND RELEASE**
*Butler, et. al.* v. *City of Sacramento,* United States District Court, Eastern District of California,
case number No. 2:07-CV-02 406 WBS-EFB; *Gennuso* v. *City of Sacramento* Case No.: 2:08-
CV-00489-WBS-EFB

INDIVIDUAL SIGNATURE PAGE.


I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the
terms and conditions contained in this Settlement Agreement and Release, as set forth in the
above nine (9) pages.  I have sought the advice of my counsel with respect to any questions I
might have regarding my rights and obligations.



Dated: _____



Signature: _____



Type or Legibly print name: _____

# EXHIBIT A

| Last Name | Payout |
|-----------|-------:|
| ADAMS | $ 60.31 |
| AKIN | $ 61.56 |
| ALAMO | $ 50.00 |
| ALDERMAN | $ 67.25 |
| ALLEN | $ 60.17 |
| ALLISON | $ 58.35 |
| ALVARADO | $ 66.61 |
| AMOS | $ 69.45 |
| ANACLETO | $ 57.10 |
| ANDERSON, B | $ 50.00 |
| ANDERSON, J | $ 52.70 |
| ANDERSON, M | $ 82.00 |
| ANDREW | $ 64.00 |
| ANTHONY | $ 61.04 |
| APODACA | $ 60.48 |
| ARBAUGH | $ 60.95 |
| AUGUSTIN | $ 115.59 |
| AUSLUND | $ 76.68 |
| AYALA | $ 77.55 |
| BALDWIN | $ 78.73 |
| BARNICK | $ 50.00 |
| BARTLEY | $ 62.90 |
| BASSETT | $ 62.68 |
| BASURTO | $ 70.09 |
| BEGLEY | $ 67.13 |
| BELISLE | $ 61.63 |
| BENTOVOJA | $ 50.00 |
| BERMUDEZ | $ 69.98 |
| BERTRAND | $ 68.61 |
| BEVERS | $ 82.96 |
| BILLITER | $ 67.31 |
| BIONDI | $ 63.91 |
| BIRMINGHAM | $ 67.85 |
| BLACKMUN | $ 54.85 |
| BLOMQUIST | $ 73.31 |
| BOLDEN | $ 50.00 |
| BONHAM | $ 90.25 |
| BOSSERMAN | $ 53.87 |
| BOYD | $ 50.00 |
| BRASWELL | $ 89.76 |
| BROWNING | $ 125.11 |
| BRUCE | $ 50.00 |
| BRUST, BRIAN | $ 50.00 |
| BRUST, PAUL | $ 50.00 |
| BURGESS | $ 76.62 |

| | | |
|---|---|---|
| BUTLER | $ | 55.81 |
| CALKINS | $ | 50.62 |
| CAMPBELL | $ | 55.71 |
| CARAVALHO | $ | 50.00 |
| CARTER | $ | 51.86 |
| CASAREZ | $ | 57.30 |
| CAYBUT | $ | 77.72 |
| CHANDLER | $ | 50.00 |
| CHAPMAN | $ | 59.20 |
| CHARRON | $ | 126.75 |
| CHASE | $ | 68.88 |
| CHRISTENSEN | $ | 51.54 |
| CLARK, JEFFREY | $ | 64.89 |
| CLARK, JOHN | $ | 58.59 |
| CLARK, PAUL | $ | 79.11 |
| CLARKSON | $ | 50.00 |
| CLAYBORNE | $ | 77.23 |
| CLEMENT | $ | 73.32 |
| COATS | $ | 69.42 |
| COGGIOLA | $ | 74.84 |
| COGSWELL | $ | 50.00 |
| COMPOGINIS | $ | 168.23 |
| COOK | $ | 50.00 |
| CORDEIRO | $ | 67.77 |
| CORRIEA | $ | 50.00 |
| COSTAMAGNA | $ | 63.43 |
| CRISPI | $ | 50.00 |
| DAIL | $ | 57.66 |
| DANCIART | $ | 97.70 |
| DAVIS, J | $ | 69.73 |
| DAVIS, R | $ | 63.12 |
| DEANDA | $ | 119.97 |
| DECAMPOS | $ | 56.68 |
| DEMARTIN | $ | 66.66 |
| DEMETRE | $ | 50.00 |
| DEPAOLI | $ | 68.71 |
| DOBB | $ | 50.76 |
| DOEHRER | $ | 50.00 |
| DOGLIETTO | $ | 68.66 |
| DOLSON | $ | 59.45 |
| DOOLITTLE | $ | 62.74 |
| DOUCETTE | $ | 85.79 |
| EARLEY | $ | 60.20 |
| EDMISTON | $ | 50.00 |
| EMERY | $ | 59.37 |
| ENSLIN | $ | 61.46 |
| ETTINGER | $ | 73.54 |

| | | |
|---|---|---|
| FALKENSTROM | $ | 59.63 |
| FELKINS | $ | 75.75 |
| FERGUSON | $ | 59.20 |
| FEYH | $ | 50.00 |
| FIERRO | $ | 78.51 |
| FILBEN | $ | 71.43 |
| FOWLER | $ | 50.00 |
| FRANKLIN, SCOTT | $ | 50.00 |
| FRATUS | $ | 50.99 |
| FUJII | $ | 57.95 |
| FULFER | $ | 79.02 |
| FUNAKOSHI | $ | 50.00 |
| GALAMAY | $ | 61.56 |
| GALLAGHER | $ | 77.21 |
| GARNICIA | $ | 73.75 |
| GARVIN | $ | 87.21 |
| GAUB | $ | 55.91 |
| GAULT | $ | 50.00 |
| GEE, BRUCE | $ | 50.00 |
| GEE, RAYMOND | $ | 102.96 |
| GENNUSO | $ | 76.38 |
| GHOLSON | $ | 69.49 |
| GILES | $ | 82.79 |
| GLASS | $ | 56.36 |
| GODTFREDSEN, C | $ | 51.15 |
| GODTFREDSEN, P | $ | 73.99 |
| GONZALES | $ | 52.10 |
| GOODALL | $ | 50.00 |
| GRAHAM | $ | 50.00 |
| GREEN | $ | 64.22 |
| GUIDA | $ | 70.11 |
| GUINN | $ | 50.76 |
| HADDAD | $ | 68.07 |
| HALSEY | $ | 50.00 |
| HAMILTON | $ | 50.00 |
| HANSEN | $ | 50.00 |
| HARVEY | $ | 59.62 |
| HELVIN | $ | 70.55 |
| HEMLER | $ | 83.84 |
| HENRY | $ | 62.85 |
| HERNANDEZ | $ | 50.00 |
| HICKEY | $ | 50.00 |
| HIRONAKA | $ | 60.49 |
| HODGSON | $ | 50.00 |
| HOHLOCH | $ | 50.00 |
| HOOMAN, GHAZNAFARI | $ | 91.97 |
| HOPKINS | $ | 50.00 |

| | | |
|---|---|---|
| HOY | $ | 73.67 |
| HUDSON | $ | 73.64 |
| HUNT | $ | 68.54 |
| HUNTER, JOSEPH | $ | 50.00 |
| HVOLBOLL | $ | 50.00 |
| IRVINE | $ | 87.23 |
| IVY | $ | 79.00 |
| JACKSON, EARNEST | $ | 50.00 |
| JACKSON, JOSEPH | $ | 50.00 |
| JACKSON, RANDALL | $ | 52.08 |
| JOHNSON, F | $ | 73.31 |
| JOHNSON, R | $ | 77.57 |
| JOHNSON, S | $ | 52.81 |
| JONES | $ | 104.65 |
| KELLEY | $ | 90.19 |
| KERKSIECK, JILL | $ | 50.00 |
| KIEHNE | $ | 92.83 |
| KING | $ | 50.00 |
| KIRCHER | $ | 69.91 |
| KIRKLAND | $ | 74.52 |
| KLEIN | $ | 55.98 |
| LARA | $ | 64.54 |
| LAUBINGER | $ | 57.59 |
| LAUCHNER | $ | 95.95 |
| LECLAIRE | $ | 53.82 |
| LEE | $ | 67.02 |
| LEIGHTY | $ | 88.42 |
| LEWIS | $ | 70.08 |
| LONG, RONALD | $ | 50.00 |
| LONG, THOMAS | $ | 58.82 |
| LUCHINI | $ | 54.65 |
| LYNCH, BRANDON | $ | 50.00 |
| LYTLE | $ | 50.00 |
| MACIAS | $ | 89.44 |
| MADDING | $ | 72.31 |
| MADDOX | $ | 62.55 |
| MAGAW | $ | 64.47 |
| MALIM | $ | 105.96 |
| MARAPAO | $ | 61.33 |
| MARSHALL | $ | 50.00 |
| MASSE | $ | 56.24 |
| MCADAMS | $ | 79.87 |
| MCDANIEL | $ | 51.46 |
| MCKINNEY | $ | 75.51 |
| MCMULLEN | $ | 50.00 |
| MEYER | $ | 70.53 |
| MINNICH | $ | 52.17 |

| | | |
|---|---|---|
| MONTERREY | $ | 51.43 |
| MONTGOMERY | $ | 50.00 |
| MOOR | $ | 65.16 |
| MOORE, ROBERT R. | $ | 50.00 |
| MORAN | $ | 50.00 |
| MORELAN | $ | 60.63 |
| MORENO | $ | 50.00 |
| MUNSON | $ | 51.62 |
| MURDOCK | $ | 60.98 |
| MURRAY | $ | 79.18 |
| MYERS | $ | 50.00 |
| NARDI | $ | 54.32 |
| NEEDLER | $ | 64.83 |
| NEWTON | $ | 50.00 |
| NISHIMURA, L | $ | 75.65 |
| NISHIMURA, T | $ | 62.85 |
| O BRIEN | $ | 50.00 |
| OAKES, THOMAS | $ | 60.69 |
| OAKES, TIM | $ | 81.27 |
| O'DWYER | $ | 54.28 |
| OGDEN, DAN | $ | 50.00 |
| OLSON | $ | 71.02 |
| OTT | $ | 55.57 |
| OVERSTREET | $ | 50.00 |
| PADILLA | $ | 50.00 |
| PALMER, JAMES | $ | 50.00 |
| PANAMENO, R | $ | 78.51 |
| PANAMENO, S | $ | 50.00 |
| PANDIS | $ | 63.52 |
| PARK | $ | 58.03 |
| PARKER, D | $ | 98.85 |
| PARKER, K | $ | 50.00 |
| PARTRIDGE | $ | 54.17 |
| PAYAN | $ | 64.33 |
| PEART | $ | 85.44 |
| PEASE | $ | 66.33 |
| PERKINS | $ | 82.23 |
| PETREE | $ | 78.77 |
| PFEIFER | $ | 78.49 |
| PICHA | $ | 81.60 |
| PIERNER | $ | 50.00 |
| PONCE | $ | 57.49 |
| POWELL | $ | 119.50 |
| QUICK | $ | 91.04 |
| RAMIREZ, A | $ | 80.30 |
| RAMIREZ, F | $ | 52.84 |
| RAMIREZ, M | $ | 50.00 |

| | | |
|---|---|---|
| RAMOS | $ | 70.58 |
| REAGAN | $ | 84.66 |
| REAL, RYAN | $ | 50.00 |
| REMPFER | $ | 68.40 |
| RETHFORD | $ | 129.22 |
| ROBERTSON | $ | 72.47 |
| RODRIGUEZ | $ | 74.48 |
| ROGERS | $ | 50.00 |
| ROSALES | $ | 81.23 |
| ROSE | $ | 70.81 |
| ROSS, DOUG C | $ | 97.23 |
| ROSS, DOUGLAS A | $ | 50.00 |
| RUPP | $ | 66.66 |
| RUST | $ | 59.60 |
| RUTHERFORD | $ | 50.00 |
| SALES, XAVIER | $ | 50.00 |
| SANTIAGO | $ | 82.08 |
| SAYLORS | $ | 116.96 |
| SCHARMACHER | $ | 82.36 |
| SCHNEIDER | $ | 87.86 |
| SCHRIVER | $ | 70.12 |
| SCHROEDER | $ | 55.12 |
| SCOTT | $ | 50.00 |
| SEARGEANT | $ | 60.45 |
| SEGALE | $ | 111.67 |
| SHANNON | $ | 54.11 |
| SHEEHAN | $ | 76.77 |
| SHERLOCK | $ | 51.23 |
| SHILIN | $ | 53.09 |
| SMITH, DAVID | $ | 54.55 |
| SMITH, GREGORY | $ | 50.00 |
| SMOOT | $ | 56.85 |
| SNEDEKER | $ | 52.48 |
| SOKOL | $ | 52.86 |
| SPRAGUE | $ | 57.79 |
| STEED | $ | 71.18 |
| STEINKAMP | $ | 73.23 |
| STEPPIG | $ | 69.97 |
| STONER | $ | 103.39 |
| STORCK | $ | 81.69 |
| STUMPF | $ | 70.04 |
| SUWA | $ | 63.22 |
| SWARBRICK | $ | 83.95 |
| SWEYD | $ | 73.46 |
| SWINK | $ | 65.92 |
| SWITKOWSKI, JEFFREY | $ | 50.00 |
| SWONGER | $ | 50.00 |

| | | |
|---|---|---|
| TABLADA | $ | 50.00 |
| TALLMAN | $ | 72.28 |
| TANFANI | $ | 59.17 |
| TATEISHI | $ | 79.18 |
| TAYLOR, PATRICK | $ | 50.00 |
| TENCATI | $ | 50.00 |
| THACHER | $ | 50.00 |
| THOMAS | $ | 50.00 |
| THOMPSON | $ | 66.38 |
| TROST | $ | 77.07 |
| UNDERHILL, DANIEL | $ | 50.00 |
| UPDEGRAFF | $ | 50.00 |
| VANDERVORT | $ | 83.63 |
| VANVUREN | $ | 106.90 |
| VARGAS, JEFF | $ | 50.00 |
| VASQUEZ | $ | 50.00 |
| VIDOSH | $ | 55.41 |
| VILLALPANDO | $ | 72.87 |
| VISSER | $ | 64.26 |
| WADE | $ | 54.90 |
| WALTER | $ | 91.02 |
| WATT, ADAM | $ | 56.27 |
| WATT, ANDREW | $ | 50.00 |
| WENZ | $ | 55.36 |
| WEYGANDT | $ | 80.40 |
| WILLIAMS | $ | 50.00 |
| WINBLAD | $ | 50.00 |
| WONG | $ | 65.28 |
| WOOTEN | $ | 57.76 |
| WYATT | $ | 73.02 |
| GRAND TOTAL | $ | 20,308.05 |

# EXHIBIT B

1   DAVID P. MASTAGNI, ESQ. (SBN 57721)
    DAVID E. MASTAGNI, ESQ. (SBN 204244)
2   DAVID K. KING, ESQ. (SBN 252074)
    **MASTAGNI, HOLSTEDT, AMICK,**
3   **MILLER, JOHNSEN & UHRHAMMER**
    *A Professional Corporation*
4   1912 "I" Street
    Sacramento, California 95811
5   Telephone: (916) 446-4692
    Facsimile: (916) 447-4614
6
    **Attorneys for Plaintiffs**
7

8

9
                    IN THE UNITED STATES DISTRICT COURT
10
                      EASTERN DISTRICT OF CALIFORNIA
11

12   JAYMES BUTLER, et al.,                )    Case No.: 2:07-cv-02406-WBS-EFB; &
                                           )    Consolidated Case: 2:08-CV-489-WBS-EFB
13                                         )
                         Plaintiffs,       )    **STIPULATION RE APPROVAL OF**
14                                         )    **SETTLEMENT    AGREEMENT    AND**
     v.                                    )    **DISMISSAL WITH PREJUDICE AND**
15                                         )    **[PROPOSED]   ORDER   THEREON**
                                           )
16                                         )
     CITY OF SACRAMENTO,                   )
17                                         )
                         Defendant.        )
18   _____        )

19

20

21
                                **STIPULATION**
22
     The parties to the above captioned action hereby stipulate as follows:
23
24   1.    Plaintiffs' Jaymes Butler, et al. (Collectively "Plaintiffs") are presently or were previously

25         employed by the City of Sacramento ("Defendant").  Plaintiffs and the Defendant shall be

26         collectively referred to as "Parties" herein.

27
     _____
28   STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND          *Jaymes Butler, et al. v. City of Sacramento*
     DISMISSAL WITH PREJUDICE AND [PROPOSED] ORDER THEREON
                                        -1-

2.    Plaintiffs filed the above captioned actions ("Action") on behalf of themselves and others similarly situated alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) ("FLSA"). The Court has jurisdiction over the subject matter of this action and over the parties.

3.    The Defendant filed Answers to the Complaints denying its material allegations and asserting affirmative defenses thereto.

4.    The Parties dispute the applicability of the FLSA to the facts as alleged in the Complaint.

5.    The Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by experienced counsel.

6.    The Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore reached an agreement. The terms of the Parties' agreement are embodied in the Settlement Agreement and General Release of All Claims ("Settlement Agreement") that all Parties have executed. A copy of the Settlement Agreement is attached hereto and incorporated herein.

7.    Courts have determined that the provisions of the FLSA are mandatory and cannot generally be abridged by contract or otherwise waived. (See, e.g., *Lynn's Food Stores, Inc.* v. *United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).) However, when employees bring a private action for compensation under the FLSA, and present the district court a proposed settlement, the district court may enter a judgment after scrutinizing the settlement for fairness. (*Id.* at 1353).

8.    By entering into this Stipulation and requesting Court approval, the Parties do not intend that the Court should make any findings or determination regarding the law.

IT IS THEREFORE STIPULATED, by and between the Parties, through their respective counsel, that:

1.    The Settlement Agreement contains a fair and just negotiated resolution to the current dispute between the parties in this case;

2.    The Court approve the Settlement Agreement by signing the Order set forth below;

3.   The Court should reserve jurisdiction over this Action for the purposes of enforcing the

Settlement Agreement;

4.   Upon the Court's approval of the Settlement Agreement, this Action

should be dismissed with prejudice.

Dated: March 18, 2009                    MASTAGNI, HOLSTEDT, AMICK,
                                         MILLER, JOHNSEN & UHRHAMMER

                                         By:   /s/ David E. Mastagni
                                               DAVID E. MASTAGNI
                                               Attorney for Plaintiffs

Dated: March 18, 2009                    CITY ATTORNEY, CITY OF SACRAMENTO
                                         SR. DEPUTY CITY ATTORNEY

                                         By:   /s/ Brett Witter
                                               BRETT WITTER
                                               SHERI M. CHAPMAN
                                               Attorneys for Defendants

**[PROPOSED] ORDER**

The Court has carefully reviewed the Settlement Agreement, the Stipulation and proposed Order, and relevant Exhibits.  Based upon a review of the record, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     The Settlement Agreement, which is incorporated herein by reference, is approved as fair, reasonable and just in all respects as to the Plaintiffs, and the Parties shall perform the Settlement Agreement in accordance with its terms;

2.     The Court reserves jurisdiction over this Action for the purposes of enforcing the Settlement Agreement;

3.     The Court has made no findings or determination regarding the law, and this Stipulation and Order and any exhibits and any of the other documents or written materials prepared in conjunction with this Stipulation and Order shall not constitute evidence of, or any admission of, any violation of the law;

4.     This Action is hereby dismissed with prejudice.


Dated: _____          _____
                             HONORABLE WILLIAM B. SHUBB
                             UNTIED STATES DISTRICT COURT JUDGE

---

STIPULATION RE APPROVAL OF SETTLEMENT AGREEMENT AND                    *Jaymes Butler, et al. v. City of Sacramento*
DISMISSAL WITH PREJUDICE AND [PROPOSED] ORDER THEREON
-4-